David W. Fassett (DWF 1636)
ARSENEAULT WHIPPLE FASSETT & AZZARELLO, LLP
560 Main Street
Chatham, NJ 07928
(973) 635-3366
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| CULINARY SPECIALTY PRODUCE, INC.<br><br>Plaintiff<br><br>v.<br><br>THIRD COAST PRODUCE, INC. and GEORGE FINCH<br><br>Defendants | Civil Action No. 10-4278 |

**ORDER TO SHOW CAUSE WITH**
**TEMPORARY RESTRAINTS AND WITHOUT NOTICE**

THIS MATTER having come before the Court on the application of Plaintiff Culinary Specialty Produce, Inc. ("Plaintiff") for an Order to Show Cause with Temporary Restraints and without Notice; and the Court having reviewed the Complaint, the Memorandum of Law, the Affidavit of Plaintiff's President Richard Liebowitz, and the Certification of Counsel submitted herewith; and for good cause shown;

IT IS on this 20 day of August, 2010,

**ORDERED** that the foregoing application be, and hereby is, **GRANTED**; and it is further

**ORDERED** that Defendants shall show cause before this Court on August __, 23, 2010 at 4:3 p.m. o'clock in the _____ noon why the Court should not issue an Order under Rule 65(a) of the Federal Rules of Civil Procedure preliminarily enjoining the Defendants,

their customers, agents, officers, subsidiaries, assigns, and banking institutions, from alienating, dissipating, paying over, or assigning any assets of Defendant Third Coast Produce, Inc. ("Third Coast"), its subsidiaries or related companies, except for payment to Plaintiff, until further order of this Court or until Defendants pay Plaintiff the sum of $142,292.47 by cashier's check or certified check ("the Preliminary Injunction Hearing"); and it is further

**ORDERED** that Defendants shall file and serve any papers in advance of the Preliminary Injunction Hearing by *Aug. 23 at 9:00 am*, 2010; and it is further

**ORDERED** that Plaintiff shall file and serve any reply papers in advance of the Preliminary Injunction Hearing by *noon on Aug. 23*, 2010; and it is further

~~ORDERED that, pending the Preliminary Injunction Hearing, Defendants, their customers, agents, officers, subsidiaries, assigns, and banking institutions be, and hereby are,~~ **TEMPORARILY RESTRAINED AND ENJOINED**, ~~pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, from alienating, dissipating, paying over or assigning any assets of Third Coast, its subsidiaries or related companies, except for payment to Plaintiff, until further order of this Court or until Defendants pay Plaintiff the sum of $142,292.47, as set forth above, by cashiers' check or certified check; and it is further~~

~~ORDERED that no~~ security or bond shall be required under Rule 65(c) of the Federal Rules of Civil Procedure ~~because it appears that Defendants presently hold $142,292.47 worth of Plaintiff's assets; and it is further~~

**ORDERED** that Plaintiff shall serve one copy each of this Order and the materials submitted in support thereof upon Defendants by overnight delivery service delivered to Defendants at 3145 Produce Row, Houston, Texas 77023 on or before *Aug 21, 2010*, 2010, and that such service shall effectuate service of process as to all Defendants.

_____
U.S.D.J.